IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VANDELAY GROUP, LLC,
VANDELAY OAKLAND, LLC,
SIGMA COMMERCIAL, LLC,
and JEFFREY KOENIG,

        Defendants.

Case No. 20-C-1160

**JURY TRIAL DEMANDED**

# COMPLAINT

The United States of America brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. §§ 3601-3631. This action is brought on behalf of Sydneye Olkowski and Olkowski's partner, Eric Plumb, who suffered discrimination on account of Olkowski's disability by Defendants Vandelay Group, LLC, Vandelay Oakland, LLC, Sigma Commercial, LLC and Jeffrey Koenig. 42 U.S.C. § 3612(o)(1). The United States seeks injunctive and declaratory relief, as well as monetary damages, the basis for which is alleged as follows:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o)(1).

2. Venue is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims alleged herein occurred in the Eastern District of Wisconsin.

## II.  PARTIES AND SUBJECT PROPERTY

3. Sydneye Olkowski[1] has a disability within the meaning of 42 U.S.C. § 3602(h)[2]. Olkowski has depression and anxiety disorders. Olkowski's disability limits their major life activities, including the ability to leave home and interact with others.

4. Olkowski has a disability-related need for a dog (at times referred to as a "service dog," "assistance dog" or "emotional support animal"). Olkowski's assistance dog ameliorates the effects of Olkowski's disability by alleviating mental distress and pain, calming Olkowski, improving Olkowski's mood, and motivating Olkowski to participate in activities of daily life.

5. Eric Plumb is Olkowski's partner and resided with Olkowski at all times material to this Complaint.

6. Defendant Jeffrey Koenig, individually and through his companies, owns and operates several residential rental properties in the Milwaukee area, including 2627 N. Oakland Avenue, Milwaukee, WI 53211 ("subject property"). The subject property is a "dwelling" as defined by 42 U.S.C. § 3602(b). The subject property is a duplex. Defendant Koenig does not live at the subject property and did not do so at any time during the events that give rise to this Complaint.

7. Defendant Sigma Commercial, LLC, which Defendant Koenig owned and controlled at all times relevant to this Complaint, is the parent company of Defendant Vandelay Group, LLC and Defendant Vandelay Oakland, LLC.

---

[1] Consistent with their preferences, the United States will use they/their pronouns when referring to Olkowski throughout this Complaint.

[2] The FHA uses the term "handicap," see 42 U.S.C. § 3602(h), but consistent with modern usage, the government uses the term "disability" in this Complaint.

8. Defendant Vandelay Group, LLC, which Defendant Koenig owned and controlled at all times relevant to this Complaint, is the management entity that leases and services the rental properties owned and controlled by Defendant Koenig and his companies.

9. Defendant Vandelay Oakland, LLC, which Defendant Koenig owned and controlled at all times relevant to this Complaint, owned the subject property.

### III. FACTUAL ALLEGATIONS

10. Olkowski has received professional treatment for mental-health disabilities since at least the beginning of 2016.

11. Since July 2016, Olkowski has used an assistance dog, Kayla, to ameliorate the symptoms of those disabilities. Kayla is a shorthaired, mixed-breed dog which Olkowski adopted from a rescue organization.

12. In the fall of 2016, Olkowski's therapist, Amy Schwabe, MS, LPC, determined that Kayla ameliorated the effects of Olkowski's disability. Schwabe discussed with Olkowski Kayla's positive impact and prescribed Kayla as an emotional support animal to assist in ameliorating Olkowski's symptoms.

13. In April 2017, Olkowski and Plumb began searching for a new apartment in the neighborhood near the University of Wisconsin-Milwaukee.

14. On April 18, 2017, Olkowski and Plumb saw an advertisement on craigslist.org, listing the subject property. Plumb called the telephone number listed in the advertisement and spoke with Defendant Koenig to schedule a showing.

15. On April 19, 2017, Olkowski and Plumb met Defendant Koenig at the subject property. The tour of the subject property concluded with Olkowski and Plumb expressing

interest in renting the unit. Defendant Koenig directed them to fill out an online application to rent the unit.

16. Later that day, Olkowski and Plumb filled out an application online and paid a $20 per person application fee.

17. Again, on that same day, April 19, 2017, Defendant Koenig e-mailed Olkowski and Plumb to tell them that that he had approved their application to rent the subject property. Defendant Koenig included a link to a lease agreement, which included the specific rental terms for the subject property, and told Olkowski and Plumb that they could sign the lease to rent the subject property.

18. Defendants' lease agreement contained both a "No Pets" provision and a "No Pets Allowed" provision. The "No Pets" provision provided: "NO PETS of any kind (including cats, dogs, fish and insects) are allowed in the Unit or on the Property at any time, unless required by federal or Wisconsin law in certain very limited circumstances." (emphasis in original). The "No Pets Allowed" provision provided: "There are no pets whatsoever allowed in the Unit or on the Property at any time." The lease agreement also provided that a violation of the "No Pets" and/or "No Pets Allowed" provision would subject Olkowski and Plumb to "a $250 penalty for each offense," as well as other potential fees and termination of the lease.

19. The lease agreement failed to identify the "very limited circumstances" for which Defendants would make an exception to the "No Pets" provision and did not contain an explicit exception to the "No Pets" or "No Pets Allowed" provisions for service animals or assistance animals for individuals with a disability. The lease agreement also did not contain a reasonable accommodation policy or procedures related to seeking lease modifications due to disability-related needs.

20. Olkowski and Plumb decided to rent the subject property. At the encouragement of their parents, however, they decided to look at another unit before signing the lease. Accordingly, later on April 19, 2017, Olkowski and Plumb sought to view another property that was advertised for rent on craigslist.com. This property was located on East Bradford Avenue and it, too, was owned and managed by Defendants.

21. When Olkowski and Plumb inquired about the East Bradford property, Defendant Koenig stated there was no need for Olkowski and Plumb to complete a new application or pay additional fees.

22. Olkowski and Plumb then scheduled an appointment to tour the East Bradford property the next day.

23. On April 20, 2017, Olkowski and Plumb toured the East Bradford property with Defendant Koenig.

24. During the showing, Olkowski and Plumb informed Defendant Koenig of Olkowski's disability, of the existence of Olkowski's emotional support animal, and of their need for an accommodation to any policy prohibiting animals in Defendants' properties.

25. Plumb offered to furnish documentation in support of the accommodation request.

26. During the showing on April 20, 2017, Defendant Koenig responded to the request for an accommodation by stating that Olkowski and Plumb would need to perform an allergy test on their assistance dog, Kayla, to determine if Kayla was hypoallergenic. Defendant Koenig stated that his doctor could conduct the allergy test and indicated the test would be expensive. Defendant Koenig further stated that unless the dog was hypoallergenic, the chances of passing the allergy testing were slim.

27. Defendant Koenig added that they should not sign the lease he had sent them until the allergy test on the dog had been completed successfully.

28. In an email dated April 27, 2017, Defendant Koenig rescinded his offer to have Olkowski's assistance animal tested by his doctor for allergens, claiming that his provider would not allow "comfort animals" in the hospital. Defendant Koenig further stated that no dogs are hypoallergenic in any event, suggesting that having the dog tested elsewhere would be fruitless.

29. In his April 27th email, Defendant Koenig did not propose any alternative accommodations. Indeed, Defendant Koenig did not engage with Olkowski and Plumb to discuss any accommodations (other than his retracted offer to have Kayla subjected to an allergy test) at any time during their discussions and emails concerning the subject property.

30. In his April 27th email, Defendant Koenig further stated that it was "not fair" for Olkowski and Plumb to seek an accommodation permitting Kayla's presence in the subject property. Defendant Koenig concluded that "there are plenty of options in this city that are set up exactly for your needs" and "wish[ed] them the best of luck" in finding another rental property. Defendant Koenig thus withdrew his prior offer to rent the subject property to Olkowski and Plumb.

31. Olkowski and Plumb thus were forced to look for alternative housing.

32. As a result of Defendants' discriminatory acts, Olkowski and Plumb have suffered harm including, but not limited to, loss of a housing opportunity, emotional distress, inconvenience, and monetary costs associated with securing alternative housing.

## IV. OLKOWSKI'S COMPLAINT

33. On or about January 18, 2018, Olkowski filed a complaint of discrimination against Defendant Jeffrey Koenig and his companies, Vandelay Group, LLC and Sigma

Commercial, LLC, with HUD, pursuant to the Fair Housing Act. On February 27, 2020, the complaint was amended to add Defendant Vandelay Oakland, LLC as a respondent.

34. Pursuant to 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

35. Based upon the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that illegal discriminatory housing practices had occurred. Therefore, on June 12, 2020, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory practices in violation of the Fair Housing Act.

36. On June 29, 2020, Olkowski timely elected to have the claim asserted in HUD's Charge of Discrimination resolved in a civil action pursuant to 42 U.S.C. § 3612(a).

37. On July 5, 2020, the Administrative Law Judge assigned to the case issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceedings on Olkowski's complaint.

38. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

## V.   **FAIR HOUSING ACT VIOLATIONS**

39. Defendants, through the actions described above, have violated the Fair Housing Act by:

> a. Discriminating in the rental of and denying a dwelling to Olkowski and Plumb because of Olkowski's disability, in violation of 42 U.S.C. § 3604(f)(1)(A);

7

      b.      Imposing discriminatory rental terms or conditions because of Olkowski's disability, in violation of 42 U.S.C. § 3604(f)(2); and

      c.      Refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations were necessary to afford Olkowski and Plumb an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

40.    Olkowski and Plumb have suffered damages as a result of Defendants' Fair Housing Act violations. They are "aggrieved persons" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(i).

41.    Defendants' discriminatory actions were intentional, willful, and/or taken in disregard of the federally protected rights of Olkowski and Plumb.

WHEREFORE, the United States requests entry of an ORDER that:

1.    Declares that Defendants' conduct, as alleged herein, violates the Fair Housing Act;

2.    Enjoins Defendants, and all other persons in active concert or participation with them, from:

      a.      Discriminating in the rental of, or otherwise making unavailable or denying, dwellings to renters because of disability;

      b.      Discriminating against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability;

      c.      Failing or refusing to make reasonable accommodations as required by 42 U.S.C. § 3604(f)(3)(B);

8

Case 2:20-cv-01160-NJ   Filed 07/28/20   Page 8 of 9   Document 1

d.  Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their discriminatory conduct, including implementing policies and procedures to ensure that no applicants or residents of their properties are discriminated against because of disability; and

e.  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Olkowski and Plumb to the position they would have been in but for the discriminatory conduct.

3.  Awards monetary damages to Olkowski and Plumb, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

The United States hereby demands a trial by jury in this matter, as provided by Rule 38 of the Federal Rules of Civil Procedure. The United States further requests such additional relief as the interests of justice may require.

Dated this ___ day of July, 2020, at Milwaukee, Wisconsin.

MATTHEW D. KRUEGER
United States Attorney

By:  /s/ Maura S. Flaherty

MAURA S. FLAHERTY
MICHAEL A. CARTER
Assistant United States Attorney
Eastern District of Wisconsin
WI State Bar No. 1117541
WI State Bar No. 1090041
517 East Wisconsin Avenue
Milwaukee, WI  53202
(414) 297-1717
Fax:  (414) 297-4394
Maura.Flaherty@usdoj.gov
michael.a.carter@usdoj.gov

| JS 44   (Rev. 08/18) | CIVIL COVER SHEET |
|---|---|

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required):   ☐ Green Bay Division   ☐ Milwaukee Division

## I. (a) PLAINTIFFS
## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Case 2:20-cv-01160-NJ   Filed 07/28/20   Page 1 of 2   Document 1-1

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X"
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.