UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VANDELAY GROUP LLC, VANDELAY OAKLAND LLC,
SIGMA COMMERCIAL LLC, and JEFFREY KOENIG,

        Defendants.

Case No. 20-cv-1160-pp

---

## CONSENT DECREE

### I.    INTRODUCTION

1. The United States filed a Complaint in this action on July 28, 2020 to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3631 (hereinafter, the "Civil Action"). Sydneye Olkowski and Olkowski's partner, Eric Plumb, allege that Defendants denied the reasonable accommodation of an assistance animal and discriminated against them in violation of the Fair Housing Act.

2. At all times relevant to the Complaint, Defendant Vandelay Group, LLC, which is owned by Defendant Jeffrey Koenig, managed the residential rental property located at 2627 N. Oakland Avenue, Milwaukee, WI 53211 (the "subject property").

3. At all times relevant to the Complaint, Defendant Vandelay Oakland, LLC, in which Defendant Jeffrey Koenig has an ownership interest, owned the subject property.

4. Defendant Sigma Commercial, LLC is also owned by Defendant Koenig.

1

Defendant Koenig represents that Sigma Commercial was created for the sole purpose of allowing businesses in which Jeffrey Koenig has an ownership interest, including Defendants Vandelay Group, LLC and Vandelay Oakland, LLC, to use a single e-mail domain and telephone number and has no further involvement in Defendant Koenig's rental business.

5. On or about January 18, 2018, Olkowski filed with the Department of Housing and Urban Development (HUD) a complaint of discrimination against Defendants Jeffrey Koenig, Vandelay Group, LLC and Sigma Commercial, LLC.[1] On February 27, 2020, the complaint was amended to add Defendant Vandelay Oakland, LLC as a respondent.

6. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD investigated the complaint made by Olkowski, attempted conciliation without success, and prepared a final investigative report. Based on information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred. On June 12, 2020, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g) and charged the Defendants with discrimination under the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1) and (f)(3)(B).

7. On June 29, 2020, Olkowski and Plumb elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a). The Secretary subsequently authorized the Attorney General to file this action on behalf of aggrieved persons, Olkowski and Plumb, pursuant to 42 U.S.C. § 3612(o).

---

[1] Plumb also filed a complaint of discrimination against Jeff Koenig and Vandelay Group, LLC which he withdrew on May 29, 2019. Plumb was named as an aggrieved person in Olkowski's Amended Complaint.

## II. AGREEMENT

8. The Parties agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or a trial. By entering into this Consent Decree, Defendants make no admission of liability. This Consent Decree resolves the United States' claims against the Defendants. The Releases attached hereto as Attachment C resolve all claims of Olkowski and Plumb against the Defendants arising out of the issues alleged in this case as of the date of the entry of the Consent Decree.

## III. INJUNCTION

9. Defendants, their officers, agents, employees, and all other persons or entities in active concert or participation with them, are hereby enjoined, with respect to the rental of dwellings owned or managed by them, from:

   a. Refusing to rent after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of disability, in violation of 42 U.S.C. § 3604(f)(1)(A);

   b. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provisions of services or facilities connected with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2); and

   c. Refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

## IV. POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS

10. No later than thirty (30) days after the date of entry of this Consent Decree, Defendants shall adopt the reasonable accommodation policy ("the New Policy") set forth in Attachment A for implementation at all dwellings owned or managed by Defendants.

11. The New Policy, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations at dwellings owned or managed by Defendants.

12. Within thirty (30) days after the date of entry of this Consent Decree, Defendants shall post the New Policy prominently under the Tenants tab on each and every website maintained by Defendants for the purpose of engaging with residents of dwellings owned or managed by Defendants.

13. Defendant shall direct all prospective tenants to the location on Defendants' website(s) where the New Policy can be accessed by adding a sentence to the top of webpage that is generated when a prospective tenant clicks "Apply Now" on any of Defendants' properties. The language will appear under the heading "Important" and will indicate Vandelay Group has a reasonable accommodation policy that can be viewed under the Tenants tab.

14. Defendant shall direct any existing or prospective tenant who inquires about or expresses any need for a reasonable accommodation to the location of the New Policy on the Defendants' website(s).

15. Within thirty (30) days after the date of entry of this Consent Decree, Defendants shall post and prominently display the New Policy in each and every location where activity related to the management or rental of dwellings occurs.

16. No later than fourteen (14) days after adoption of the New Policy, Defendants shall apprise each of their employees, agents, and any other persons responsible for the rental of units at a dwelling owned or managed by Defendants of each person's obligations under this Consent Decree, including but not limited to the New Policy, and under the Fair Housing Act, 42 U.S.C. §§ 3601-3631. Defendants shall furnish each such employee, agent, or other person with a copy of this Consent Decree. Each employee, agent, or other person covered by this paragraph shall sign a statement in the form of Attachment B acknowledging that he or she has received, read, and understands the Consent Decree, and declaring that he or she will perform his or her duties in accordance with this Consent Decree and the Fair Housing Act, 42 U.S.C. §§ 3601-3631.

17. During the term of this Consent Decree, new employees, or agents who have responsibility related to the management of or rental of units at dwellings owned or managed by Defendants, shall be (a) apprised of the contents of this Consent Decree, including but not limited to the New Policy, and of their obligations under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when their term, employment, or agency commences; (b) provided copies of this Consent Decree and the New Policy, and (c) execute the statement contained in Attachment B no later than five (5) days following their first day of employment.

## V.     MANDATORY EDUCATION AND TRAINING

18. Within one hundred eighty (180) days of the entry of this Consent Decree, Defendants and their employees, agents, and members who have responsibility related to the management of or rental of units at a dwelling owned or managed by Defendants shall attend, at the Defendants' expense, a training program regarding the Fair Housing Act, including its disability discrimination provisions. The training shall be conducted by a qualified third party,

approved by the United States, and unconnected to Defendants, their employees, agents, or counsel.

19. Defendants shall obtain from the trainer or training entity signed certificate of attendance for each individual who attended the training pursuant to paragraph 18 of this Consent Decree. The certificate shall include the name of the course, the date the course was taken and the subject matters covered in the course.

## VI. NONDISCRIMINATION POLICIES

20. Within fourteen (14) days of the date of entry of this Consent Order and throughout its term, Defendants shall, pursuant to 24 C.F.R. Part 110, post and prominently display at any place of business where Defendants conduct rental activity and/or have personal contact with applicants for rental of their property, a Fair Housing Poster.

21. Throughout the term of this Consent Decree, Defendants shall ensure that any new advertising for rental units on its website or other promotional literature prepared by the Defendants include a fair housing logo, the phrase "Equal Housing Opportunity Provider," and/or the following sentences:

> We are an Equal Opportunity Housing Provider. We do not
> discriminate on the basis of race, color, national origin, religion, sex,
> familial status or disability.

The words or logo should be prominently placed and easily legible.

## VII. REPORTING AND RECORD-KEEPING

22. During the term of this Consent Decree, Defendants shall notify and provide documentation to the United States Department of Justice Civil Rights Division, through the United States Attorney's Office for the Eastern District of Wisconsin, Attn: Michael A. Carter and

6

Maura S. Flaherty, 517 E. Wisconsin Avenue, Suite 530, Milwaukee WI 53202, of the following events within fourteen (14) days of their occurrence:

    a. The training attended pursuant to Paragraph 18, including the certification required in Paragraph 19;

    b. Any change to any of Defendants' rules or practices affecting the keeping of assistance/support animals at the property;

    c. Any denial by Defendants of a request by a tenant or prospective tenant to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for its denial;

    d. Any conditions proposed or imposed by Defendants on a tenant or prospective tenant who keeps or requests to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for any proposed conditions; and

    e. Any written complaint alleging disability discrimination in housing received by Defendants, including a copy of the written complaint itself and the name, address, and telephone number of the complainant. Defendants shall also promptly provide the United States with information concerning resolution of the complaint.

    23. During the term of this Consent Decree, Defendants shall preserve all records relating to their obligations under this Consent Decree. Representatives of the United States shall be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Decree.

7

Case 2:20-cv-01160-PP   Filed 02/22/21   Page 7 of 19   Document 18

### VIII. MONETARY DAMAGES TO AGGRIEVED PERSONS

24.     No later than fourteen (14) days after the date of entry of this Consent Decree, Defendants shall pay the sum of twenty-seven thousand five hundred dollars ($27,500), which includes monetary damages and any attorneys' fees, to "Davis & Pledl, S.C. Trust Account".

25.     As a prerequisite to receiving such payment, Olkowski and Plumb shall execute a release of all claims, legal or equitable, that they may have against Defendants relating to the claims asserted in this lawsuit. Such releases shall take the form of Attachment C. Counsel for the United States shall deliver the original release forms to counsel for Defendants.

### IX. OTHER RELIEF FOR AGGRIEVED PERSONS

26.     No later than fourteen (14) days after the date of entry of this Consent Decree, if Defendants have reported negative information about Olkowski or Plumb to any credit bureaus or rental databases, they shall modify such reporting in a manner satisfactory to Olkowski and Plumb and provide the United States with documentation showing such modification.

### X. JURISDICTION, DURATION, MODIFICATION, AND REMEDIES

27.     The parties stipulate, and the Court finds, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

28.     This Consent Decree is effective immediately upon its entry by the Court.

29.     This Court shall retain jurisdiction over this action and the parties thereto for the duration of this Decree for the purpose of enforcing its terms. This Decree shall be in effect for a period of two (2) years from its effective date.

30.     Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties.

31. Each party shall notify the other party of any dispute or difference regarding interpretation and compliance with this Decree, whether willful or otherwise, and shall attempt to resolve such dispute informally. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Plaintiff may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of such act or deeming such act to have been performed, as well as an award of damages, costs and reasonable attorney's fees occasioned by the violation or failure to perform.

32. All parties shall be responsible for their own attorney's fees and costs, except as otherwise provided in this Decree.

Dated in Milwaukee, Wisconsin this 22nd day of February, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

The undersigned hereby apply for and consent to the entry of this Consent Decree:

For the Defendants,

KASDORF, LEWIS & SWIETLIK, S.C.

<u>*/s/ Thomas A. Cabush*</u>  Date: 1/28/2021
BY: Thomas A. Cabush
State Bar No. 1019433
One Park Plaza, Suite 500
11270 West Park Place
Milwaukee, WI 53224
Phone: (414) 577-4000
Fax: (414) 577-4400
Email: tcabush@kasdorf.com


For Plaintiff United States of America,

MATTHEW D. KRUEGER
United States Attorney

<u>*/s/Maura S. Flaherty*</u>  Date:   1/28/2021
BY: Maura S. Flaherty
MAURA S. FLAHERTY
Assistant United States Attorney
Eastern District of Wisconsin
State Bar No. 1090041
517 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 297-1700
Fax: (414) 297-4394
Maura.Flaherty@usdoj.gov

10

# ATTACHMENT A

## Reasonable Accommodation Policy

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. Vandelay Group LLC ("Vandelay Group"), its employees, agents, and designees and Jeffrey Koenig, the owner and manager of Vandelay Group, are committed to granting reasonable accommodations when necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling at any and all of his rental units.

Reasonable accommodations may include waiving or varying rules or policies to allow a resident with a disability to keep an "assistance animal." An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal"). The most common Assistance Animals are dogs, although other animals may qualify as assistance animals. Assistance Animals are not considered "pets" under Vandelay Group's policies. Vandelay Group recognizes the importance of Assistance Animals and is committed to ensuring that its tenants with Assistance Animals – whether occupants or renters – may keep them in their units.

If a resident with a disability requests a reasonable accommodation for an Assistance Animal, Vandelay Group will determine whether the animal may be necessary to afford the resident an equal opportunity to enjoy living in one of its units. In some cases, both the disability and the necessity for the Assistance Animal are obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility disability. If this is the case, no further inquiry will be made and Vandelay Group will grant the resident the accommodation unless the presence of the animal (1) imposes an undue financial and administrative burden; (2) fundamentally alters the nature of Vandelay Group's operations; or (3) would pose a direct threat to the health and safety of other people.

In the case of a resident who requests a reasonable accommodation for an Assistance Animal and the disability of the resident and/or the necessity for the Assistance Animal is not obvious, Vandelay Group may require a written verification from a health or social service professional[1] indicating that the applicant has a disability[2] and the presence of the animal may be necessary to provide the resident an equal opportunity to use and enjoy his/her apartment.

Vandelay Group will not require:

---

[1] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.

[2] Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, is regarded as having such an impairment, or has a record of such an impairment.

1

> i. That the Assistance Animal have any special training or certification;
>
> ii. That the Assistance Animal be subject to breed, weight or age restrictions, bearing in mind that Vandelay Group may require additional documentation for "unique animals" as outlined in U.S. Department of Housing Development Guidance[3];
>
> iii. That the Assistance Animal be required to wear a vest or other insignia that identifies it as an Assistance Animal; or
>
> iv. That the resident pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal.

If Vandelay Group seeks verification of a tenant's disability and the need for an Assistance Animal, Vandelay Group will not:

> i. Request whether a health or social service professional would be willing to testify in a court proceeding regarding the request for accommodation;
>
> ii. Require the health or social service professional to provide a curriculum vitae;
>
> iii. Require an interview with the health or social service professional.

In processing requests for Assistance Animals, Vandelay Group will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

A person with a disability may request a reasonable accommodation orally, but Vandelay Group may ask the person with the disability to complete or assist in completing a "Form to Request An Assistance Animal" (attached to this Policy). Vandelay Group will evaluate the requested accommodation regardless of whether the person completes the written form, but the person must cooperate in providing all information needed to complete the form.

If the applicant requires assistance in completing the form, Jeffrey Koenig will provide assistance or will fill out the form based on an oral request. Vandelay Group is using the form to record reasonable accommodation requests so that it can obtain only the information necessary to make a reasonable accommodation decision and not obtain confidential information that it does not need to make a reasonable accommodation decision.

---

[3] *See* FHEO Notice FHEO-2020-01 (issued Jan. 28,2020), Part IV, Q&A-8.

Once Vandelay Group receives the request for an assistance animal and, if applicable, additional verifying information, it will provide a response within fourteen days. If a request is denied, an explanation for the denial will be included in the written notification of denial. If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC 20410
(800) 669-9777
http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/online-complaint

United States Attorney's Office-Eastern District of Wisconsin
Attn: Civil Rights-Fair Housing
517 E. Wisconsin Avenue
Milwaukee, WI 53202

# FORM TO REQUEST AN ASSISTANCE ANIMAL

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. Vandelay Group, LLC ("Vandelay Group"), its employees, agents and designees and Jeffrey Koenig are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of the rental units.

Under fair housing laws, a person is entitled to a reasonable accommodation if he or she has a disability that is defined as a physical or mental impairment that substantially limits one or more major life activities. The person also must show that he or she may need the accommodation because of the disability. Reasonable accommodations may include waiving or varying rules or policies to allow a resident to keep an assistance animal. An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal").

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation at a property managed by Vandelay Group, please complete this form and, if applicable, the verification from the health care provider, and return it to Jeffrey Koenig. Please check all items that apply and answer all questions. Vandelay Group will answer this request in writing within 14 days of receiving the request. All information provided herein will be kept confidential, except as otherwise required by law.[4] If you require assistance in completing this form, please call Jeffrey Koenig (414-243-4207) for assistance or to make an oral request for a reasonable accommodation.

1. Do you require assistance filling out this form?

    □ Yes □ No

If your answer is "Yes," and you do not have someone who can assist you, please ask Jeffrey Koenig to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

---

[4] Vandelay Group LLC may be required to provide the Civil Rights Division of the Department of Justice with the information provided herein, such as the requester's name, address, telephone number and details regarding the request for an assistance animal, as part of the Government's efforts to enforce fair housing laws.

2. Today's Date: _____

3. I am (please check one):

____ **The person who has a disability and is requesting an Assistance Animal**. If so, continue to Question 4.

____ **A person making a request on behalf of or assisting the person with a disability** who needs an Assistance Animal. Please fill out the information below:

    Name of person filling out form: _____

    Address: _____

    Telephone number: _____

    Relationship to person needing Assistance Animal: _____

4. Name of person with a disability for whom a reasonable accommodation is being requested:

_____

Phone number: _____

Address: _____

5. Identify the species of animal for which you are making a reasonable accommodation request e.g., "dog," "cat":

_____

6. Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____


_____    _____
Signature of person making request    Date


_____    _____
Signature of person with disability    Date

Applicant Name: _____

5

Case 2:20-cv-01160-PP   Filed 02/22/21   Page 15 of 19   Document 18

*TO BE COMPLETED BY THE PHYSICIAN, PSYCHIATRIST, OR OTHER HEALTH OR SOCIAL SERVICE PROFESSIONAL:*

1.      Please provide a statement verifying that the person has an impairment that substantially limits one or more of the person's major life activities.

_____
_____
_____

2.      Please state whether the animal is necessary for the person to have an equal opportunity to use and enjoy housing or alleviate one or more of the effects of the person's disability. If so, please explain how it helps.

_____
_____
_____
_____

Name: _____

Title: _____

Address: _____

Telephone: _____

_____        _____
Signature                                                                                          Date

*TO BE COMPLETED BY MANAGEMENT:*

Form accepted by: _____

_____        _____
Signature                                                                                          Date

# ATTACHMENT B
## Certification of Receipt of Consent Decree

I certify that I have received a copy of the Consent Decree entered by the Court in *United States of America v. Vandelay Group, LLC, et al*. I further certify that I have read and understand the Consent Decree, that any questions I had concerning it were answered, and that I understand that the Defendants may be sanctioned or penalized if I violate the Consent Decree.

_____
(Signature)

_____
(Printed name)

_____
(Title)

_____
(Date)

# ATTACHMENT C
## Release

In consideration of the Consent Order entered in *United States of America v. Vandelay Group LLC, et al.,* Civil Action No. 20-C-1160 and of the payment of the sum of $27,500.00 payable to "Davis & Pied! Trust Account" pursuant to that Consent Order, I, Sydneye Olkowski, hereby release Vandelay Group, LLC, Vandelay Oak land, LLC, Sigma Commercial, LLC , Jeffrey Koenig, their members, managers, employees, agents, heirs, successors, assigns, and insurers (collectively "Defendants") from any and all liability for any claims, legal or equitable, **J** may have against Defendants arising out of the issues alleged in the action as of the date of the entry of the Consent Decree. I fully acknowledge and agree that this release of Defendants shall be binding on my heirs, representatives, executors, successors, administrators, insurers and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Dated: *01/26/2021*

_____
Sydneye Olkowski

21

## Release

In consideration of the Consent Order entered in *United States of America v. Vandelay Group LLC, et al.,* Civil Action No. 20-C-1160 and of the payment of the sum of $27,500.00 payable to "Davis & Pledl Trust Account" pursuant to that Consent Order, I, Eric Plumb, hereby release Vandelay Group, LLC, Vandelay Oakland, LLC, Sigma Commercial, LLC, Jeffrey Koenig, their members, manager, employees, agents, heirs, successors, assigns, and insurers (collectively "Defendants") from any and all liability for any claims, legal or equitable, I may have against Defendants arising out of the issues alleged in the action as of the date of the entry of the Consent Decree. I fully acknowledge and agree that this release of Defendants shall be binding on my heirs, representatives, executors, successors, administrators, insurers and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Dated: 01/26/21

_____
Eric Plumb

22